UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GWENDOLYN NESMITH, : | |
| Plaintiff, : | Civil Action No. 02-CV-2894 |
| v. : | |
| INDEPENDENCE BLUE CROSS, : | |
| Defendant. : | |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT INDEPENDENCE BLUE CROSS TO PLAINTIFF'S COMPLAINT

Defendant Independence Blue Cross ("IBC") hereby responds to the Complaint in the above action, in accordance with the numbered paragraphs, as set forth below:

1. IBC lacks knowledge or information sufficient to form a belief as to Plaintiff's current telephone number and address, and therefore, denies the same.

2. Admitted in part; denied in part. IBC admits that it is headquartered at 1901 Market Street, Philadelphia, PA 19103. IBC lacks knowledge or information sufficient to form a belief as to the identity of the "Executive Officer" referred to in paragraph 2 of the Complaint, and therefore, denies the same.

3. IBC responds individually to each sentence in paragraph 3 of the Complaint as follows:

    a) First Sentence: Admitted in part; denied in part. IBC admits that it terminated Plaintiff's employment with IBC. IBC lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff "worked so many years career wise to maintain" her job, and therefore, denies the same.

     b)     Second Sentence: IBC admits that it terminated Plaintiff's employment because she failed to provide medical documentation relating to her absence from work.

     c)     Third Sentence: Denied.

     d)     Fourth Sentence: Admitted in part; denied in part. IBC admits that Chuck Ferro supervised Plaintiff during a portion of her employment at IBC. IBC denies the remaining allegations of this sentence of paragraph 3.

4.     Admitted in part; denied in part. IBC admits that Plaintiff is requesting the enumerated relief. IBC denies that Plaintiff is entitled to any of the relief requested in Paragraph 4 of the Complaint.

5.     IBC admits that Plaintiff attached to the Complaint a copy of the Equal Employment Opportunity Commission's Notice of Right to Sue letter.

6.     IBC does not seek a jury trial in this action; nor has Plaintiff checked the appropriate box on the Complaint form to demonstrate her desire for one.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, to the extent that she failed to satisfy the statutory and/or jurisdictional prerequisites to the institution of an action under the Americans with Disabilities Act or any other state or local statute.

#### Second Affirmative Defense

Plaintiff's claims for monetary relief are barred to the extent that she has failed to mitigate her alleged monetary losses.

WHEREFORE, Defendant Independence Blue Cross respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and award it its costs and attorneys' fees and whatever other relief the Court deems just.

                                              Respectfully submitted,

                                              */s/ Donna M. Orzell*
                                              STEVEN R. WALL (I.D. No. 39012)
                                              SARAH E. BOUCHARD (I.D. No. 77088)
                                              DONNA M. ORZELL (I.D. No. 87831)
                                              1701 Market Street
                                              Philadelphia, PA 19103
Of Counsel:                              215-963-4928/5077/5574

MORGAN, LEWIS & BOCKIUS LLP     Attorneys for Defendant
                                              Independence Blue Cross

3

## **CERTIFICATE OF SERVICE**

I, Donna M. Orzell, certify that a true and correct copy of the foregoing Answer and Affirmative Defenses was served on:

        Gwendolyn Nesmith
        P.O. Box 56221
        Philadelphia, PA 19130

this 15th day of July 2002, by first class mail, postage prepaid.

*Donna M. Orzell* (signature)
Donna M. Orzell