UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GWENDOLYN NESMITH,

        Plaintiff,                                    Civil Action No. 02-CV-2894

v.

INDEPENDENCE BLUE CROSS,

        Defendant.

## CASE REPORT

In accordance with the Court's September 20, 2002 Order, Defendant Independence Blue Cross ("IBC"), through its undersigned counsel, hereby submits the instant case report.

A. **Statement of Facts and Basis for Jurisdiction**

    1. **Plaintiff's Allegations**

According to the allegations in Plaintiff Gwendolyn Nesmith's ("Plaintiff") Complaint, Plaintiff alleges that she was wrongfully terminated from her employment at IBC. In particular, Plaintiff alleges that she submitted documentation concerning her medical status to support a leave of absence, but that her supervisor allegedly never turned the documentation into Human Resources. In addition, Plaintiff alleges that she was on workmen's compensation with a job-related injury.

    2. **IBC's Position**

IBC denies the allegations set forth in Plaintiff's Complaint. To the contrary, IBC lawfully terminated Plaintiff's employment because she failed to submit any medical documentation for her absence from work, which spanned from August 7, 1997 through August

29, 1997, and ignored orders to either submit such documentation or return to work on August 29, 1997. In this regard, Plaintiff abandoned her job.

### 3. Basis for Jurisdiction

The laws under which Plaintiff is asserting her claims against IBC are not clear from the face of the Complaint. Without further clarification from Plaintiff, IBC cannot determine whether this Court has jurisdiction over Plaintiff's claims. To the extent Plaintiff is asserting any claims under the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), or any other federal law, this Court has jurisdiction over Plaintiff's claims.

## B. Elements of Plaintiff's Causes of Action and the Relief Sought

### 1. Elements of Plaintiff's Causes of Action

As noted under Section A of this Case Report, it is unclear from Plaintiff's Complaint under which laws she is bringing her claims against IBC. In Plaintiff's administrative complaint to the Philadelphia Commission on Human Relations, however, Plaintiff alleged that she was terminated as a result of retaliation and/or her alleged disability. Therefore, to the extent Plaintiff is bringing her claims under the ADA and/or Title VII, the essential elements of those causes of action follow.

#### a. ADA

*Essential Elements*: (1) the plaintiff is disabled within the meaning of the ADA; (2) the plaintiff is otherwise qualified to perform the essential functions of her job, with or without reasonable accommodation; and (3) the plaintiff has suffered an otherwise adverse employment decision as a result of discrimination. Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 306 (3d Cir. 1999).

### b. <u>Title VII Retaliation Claim</u>

*Essential Elements*: (1) the plaintiff was engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between the plaintiff's participation in the protected activity and the adverse employment action. <u>Robinson v. City of Pittsburgh</u>, 120 F.3d 1286, 1299 (3d Cir. 1997).

## 2. <u>Relief Sought</u>

Plaintiff is seeking compensatory damages, punitive damages, lost wages, and lost medical benefits in this action.

## C. <u>IBC's Affirmative Defenses</u>

### 1. **Failure to Satisfy Statutory and/or Jurisdictional Prerequisites for Filing an Action Under the ADA and Any Other State or Local Statute**

*Essential Elements*: A plaintiff who files a charge under Title VII or the ADA is required to file a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the occurrence of the alleged unlawful conduct. <u>Long v. Thomson Indus., Inc.</u>, 2000 WL 1586078, at *4 (E.D. Pa. Oct. 24, 2000). This deadline is extended to 300 days only if the charge is filed with the Pennsylvania Human Relations Commission ("PHRC"). <u>Id</u>. at *4 n.2. Additionally, a plaintiff is required to file suit within 90 days of receipt of a right to sue letter. A plaintiff who does not comply with these administrative requirements is not permitted to recover on her claims.

### 2. <u>Failure to Mitigate</u>

*Essential Elements*: (1) plaintiff did not engage in reasonable actions to mitigate damages; and (2) if plaintiff had taken reasonable actions to mitigate damages, the

3

damages would have been reduced. Deere & Co. v. Reinhold, 2000 WL 486607, at * 8 (E.D. Pa. Apr. 24, 2000).

### D. Compliance with Disclosure Requirements

IBC has supplied Plaintiff with its initial disclosures. To date, Plaintiff has not supplied IBC with her initial disclosures. In fact, Plaintiff has not supplied IBC with any discovery responses. If IBC does not receive Plaintiff's discovery responses by the conference scheduled for November 21, 2002, IBC intends to file a Motion to Compel.

### E. Date of Anticipated Discovery Completion

IBC anticipates that discovery, which may involve several depositions in various locations, as well as the discovery of expert medical testimony, could be completed within 180 days.

### F. Joinder of Necessary Parties

IBC believes that all necessary parties have been joined in this action.

### G. Settlement Negotiations

Due to the differences in the parties' positions, settlement is unlikely at this time.

H.   **List of Counsel Attending Scheduling Conference**

Attending on behalf of IBC will be Sarah E. Bouchard and Donna M. Orzell, Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, PA 19103, (215) 963-5077/5574.

Respectfully submitted,

*[signature: Donna M. Orzell]*

STEVEN R. WALL (I.D. No. 39012)
SARAH E. BOUCHARD (I.D. No. 77088)
DONNA M. ORZELL (I.D. No. 87831)
1701 Market Street
Philadelphia, PA 19103
215-963-4928/5077/5574

Of Counsel

MORGAN, LEWIS & BOCKIUS LLP

Attorneys for Defendant
Independence Blue Cross

5

## CERTIFICATE OF SERVICE

    I, Donna M. Orzell, certify that a true and correct copy of the foregoing Case Report was served on

>Gwendolyn Nesmith
>P.O. Box 56221
>Philadelphia, PA 19130

this 14th day of November 2002, by first class mail, postage prepaid.

_____
Donna M. Orzell