UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GWENDOLYN NESMITH, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> INDEPENDENCE BLUE CROSS, : <br> : <br> Defendant. : | Civil Action No. 02-CV-2894 |

## JOINT CASE REPORT

In accordance with the Court's June 23, 2003 Order, Plaintiff Gwendolyn Nesmith ("Ms. Nesmith" or "Plaintiff") and Defendant Independence Blue Cross ("IBC" or "Defendant"), through their undersigned counsel, hereby submit the instant case report.

**A.    Statement of Facts and Basis for Jurisdiction**

According to the factual allegations of Plaintiff's First Amended Complaint, Plaintiff began her employment at IBC in 1990. (Am. Compl., ¶ 11). Plaintiff alleges that in approximately 1992, while she was employed as a sales support assistant at IBC, she complained to human resources about race discrimination and subsequently filed a race discrimination charge against IBC with the Equal Employment Opportunity Commission ("EEOC"). (Am. Compl., ¶¶ 17, 20). Plaintiff further alleges that IBC terminated her employment approximately five years later, in August 1997, in retaliation for complaining about race discrimination. (Am. Compl., ¶¶ 1, 61). This court has jurisdiction over Plaintiff's claims because they arise under federal law, specifically, Title VII of the Civil Rights Act of 1964 ("Title VII").

B.     **Elements of Plaintiff's Causes of Action and Relief Sought**

Plaintiff's First Cause of Action is a claim under Title VII for alleged retaliation for complaining about alleged race discrimination.

Essential elements: (1) the plaintiff was engaged in an activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between the plaintiff's participation in the protected activity and the adverse employment action. Robinson v. City of Pittsburgh, 120 F.3d 1286, 1299 (3d Cir. 1997).

Plaintiff Second Cause of Action is a claim under the Pennsylvania Human Relations Act ("PHRA") for alleged retaliation for complaining about alleged race discrimination.

Essential elements: (1) the plaintiff engaged in a protected activity; (2) the employer was aware of the protected activity; (3) subsequent to participation in the protected activity, the plaintiff was subjected to an adverse employment action; and (4) there was a causal connection between the participation in the protected activity and the adverse employment action. Smith v. Gen. Elec. Co., No. Civ. A 93-5250, 1994 WL 315505, at *5 (E.D. Pa. June 28, 1994); Robert Wholey Co., Inc. v. Pennsylvania Human Relations Comm'n, 606 A.2d 982, 983 (Pa. Commw. Ct. 1992).

Relief sought: According to Plaintiff's First Amended Complaint, the Plaintiff requests that the Court enter an Order (1) enjoining IBC from discriminating or retaliating against Plaintiff, (2) ordering IBC to promulgate and adhere to a policy prohibiting racial discrimination and retaliation, (3) awarding Plaintiff damages to make Plaintiff whole, including back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, and seniority, (4) awarding Plaintiff actual damages, as well as damages for pain, suffering, emotional distress, and humiliation, (5) awarding Plaintiff punitive damages, (6) awarding Plaintiff other equitable and

legal relief that the Court deems appropriate, and (7) awarding Plaintiff the costs and expenses of this action and a reasonable attorney's fee.

### C. Brief Statement of Defenses Asserted and Essential Elements of Each Affirmative Defense[1]

IBC's position on Plaintiff's claims of retaliation is that IBC lawfully terminated Plaintiff's employment because Plaintiff failed to submit any medical documentation for her absence from work, which spanned from August 7, 1997 through August 29, 1997, and ignored orders to either submit such documentation or return to work on August 29, 1997.  In this regard, Plaintiff abandoned her job.

*First and Second Affirmative Defenses: Failure to Satisfy Statutory and/or Jurisdictional Prerequisites and Statute of Limitations*

Elements for Title VII claim: A plaintiff who files a charge under Title VII is required to file a charge with the EEOC within 300 days of the alleged unlawful conduct.[2]  Long v. Thomson Indus., Inc., No. Civ.A 99-CV-1693, 2000 WL 1586078, at *4 (E.D. Pa. Oct. 24, 2000).  Additionally, a plaintiff is required to file suit within 90 days of receipt of a right to sue letter from the EEOC.  42 U.S.C. § 2000e-5(f)(1).  A plaintiff who does not comply with these administrative requirements is not permitted to recover on her claims.  Discovery has revealed that Plaintiff filed her charge with the EEOC within 300 days of the alleged unlawful conduct,

---

[1] IBC reserves the right to assert additional defenses that may be discovered during the ongoing discovery in this case.

[2] As a general matter, under Title VII, a plaintiff is required to file a charge with the EEOC within 180 days after the occurrence of the alleged unlawful conduct.  Long v. Thomson Indus., Inc., No. Civ.A 99-CV-1693, 2000 WL 1586078, at *4 (E.D. Pa. Oct. 24, 2000).  This deadline is extended, however, to 300 days if the charge is filed with the Pennsylvania Human Relations Commission ("PHRC") or the Philadelphia Commission on Human Relations ("PCHR").  Id. at *4 n.2; 29 C.F.R. § 1601.13.

but it is not clear whether Plaintiff filed suit within 90 days of receipt of a right to sue letter from the EEOC. On its face, it appears that Plaintiff's claims are time-barred for failure to file suit within 90 days of receipt of the EEOC's right to sue letter.

Elements for PCHR claim: A plaintiff who files a charge with the Philadelphia Commission on Human Relations ("PCHR") is required to comply with the procedural requirements under the PHRA. Larmore v. RCP/JAS, Inc., No. CIV.A. 97-5330, 1998 WL 372647, at *3 (E.D.Pa. May 19, 1998). Pursuant to the PHRA, a plaintiff must file a charge within 180 days after the occurrence of the alleged unlawful conduct. Pa. Stat. Ann. tit. 43, § 959(h). Additionally, a plaintiff is required to file suit within two years from the date the plaintiff received a notice of dismissal. Pa. Stat. Ann. tit. 43, §§ 962(c)(2). A plaintiff who does not comply with these administrative requirements is not permitted to recover on her claims. Discovery has revealed that Plaintiff filed her charge with the PCHR within 180 days of the alleged unlawful conduct, and filed her complaint within two years from the date she received a notice of dismissal.

*Third Affirmative Defense: Laches*

Elements: (1) lack of diligence by the party against whom the defense is asserted; and (2) prejudice to the party asserting the defense. Waddell v. Small Tube Prods., 799 F.2d 69, 74 (3d Cir. 1986).

*Fourth Affirmative Defense: Good Faith Effort to Comply with Non-Discrimination and Non-Retaliation Laws*

Elements: "In the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's 'good-faith efforts to comply with Title VII.'" Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 545 (1999) (citation omitted).

4

*Fifth Affirmative Defense: Failure to Mitigate*

Elements: (1) the plaintiff did not engage in reasonable actions to mitigate damages; and (2) if the plaintiff had taken reasonable actions to mitigate damages, the damages would have been reduced. <u>Deere & Co. v. Reinhold</u>, No. 99-CV-6313, 2000 WL 486607, at *8 (E.D. Pa. Apr. 24, 2000).

### D.  Compliance With Disclosure Requirements

Both Plaintiff and IBC have already supplied the other with Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. IBC has requested that Plaintiff supplement her Initial Disclosures in accordance with Rule 26(a)(1). To date, IBC has not received Plaintiff's supplemental Initial Disclosures. However, the parties believe that they can resolve their discovery issues without the Court's intervention.

### E.  Discovery Deadline

The parties presently anticipate that discovery could be completed within 120 days.

### F.  Joinder of Necessary Parties

The parties believe that all necessary parties have been joined in this action.

### G.  Settlement Discussions

To date, no settlement discussions have taken place.

### H.  Attendance at Pretrial Scheduling Conference

Participating on behalf of Plaintiff will be Marc E. Weinstein, of The Weinstein Law

Firm. Participating on behalf of IBC will be Sarah E. Bouchard, of Morgan, Lewis & Bockius LLP.

    To file this Joint Case Report in a timely fashion, Mr. Weinstein has authorized Ms. Orzell to sign his name to this Joint Case Report on behalf of Plaintiff.

| | |
|---|---|
| _____ | _____ |
| MARC E. WEINSTEIN | STEVEN R. WALL |
| THE WEINSTEIN LAW FIRM | SARAH E. BOUCHARD |
| One Northbrook Corporate Center | DONNA M. ORZELL |
| 1210 Northbrook Drive, Suite 280 | MORGAN, LEWIS & BOCKIUS LLP |
| Trevose, PA 19053 | 1701 Market Street |
| 215-952-5200 | Philadelphia, PA 19103 |
| | 215-963-4928/5077/5574 |
| Attorney for Plaintiff | |
| Gwendolyn Nesmith | Attorneys for Defendant |
| | Independence Blue Cross |

## **CERTIFICATE OF SERVICE**

    I, Donna M. Orzell, hereby certify that a true and correct copy of the foregoing Joint Case Report was served on:

> Marc E. Weinstein
> The Weinstein Law Firm
> One Northbrook Corporate Center
> 1210 Northbrook Drive, Suite 280
> Trevose, PA 19053

this 21st day of August 2003, by first class mail, postage prepaid.

                  _____
                  DONNA M. ORZELL