UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

**GWENDOLYN NESMITH,**

      Plaintiff,

v.

**INDEPENDENCE BLUE CROSS,**

      Defendant.

Civil Action No. 02-CV-2894

## ORDER

AND NOW, this ____ day of _____ 2003, it is hereby ORDERED that the Motion for Judgment on the Pleadings of Defendant Independence Blue Cross ("IBC") is granted, and that judgment is hereby entered in favor of Defendant IBC.

_____
The Honorable R. Barclay Surrick

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

---

GWENDOLYN NESMITH,

      Plaintiff,                          Civil Action No. 02-CV-2894

v.

INDEPENDENCE BLUE CROSS,

      Defendant.

---

**MOTION OF DEFENDANT INDEPENDENCE BLUE CROSS
FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant Independence Blue Cross ("IBC") hereby requests that this Court enter an Order granting judgment as a matter of law in its favor. In support of its Motion, IBC avers as follows:[1]

    1.      Plaintiff began working at IBC in 1990. In 1992, Plaintiff filed a charge of race discrimination against IBC with the Philadelphia Commission on Human Relations ("PCHR")

    2.      Approximately five years later, on July 17, 1997, Plaintiff slipped and sustained a minor injury to her ankle and knee. Although her doctor ultimately released Ms. Nesmith to return to work as of July 29, 1997, Plaintiff failed to report to work from August 7, 1997 through August 29, 1997, at which time IBC terminated her employment for job abandonment. Prior to terminating Plaintiff's employment, however, IBC sent Plaintiff a

---

[1] The factual circumstances surrounding her employment termination for job abandonment are included only for reference and background, and are not essential in deciding the instant Motion.

telegram informing her that she had to report to work on August 29, 1997 or she would be terminated. Plaintiff did not show up to work on August 29, 1997, and IBC terminated her employment on that date.

3. Plaintiff's Amended Complaint alleges that IBC terminated her employment in 1997 in retaliation for filing the PCHR charge in 1992.

4. Plaintiff, however, has failed to make out a <u>prima facie</u> case of retaliation against IBC. As a matter of law, the time period that elapsed between the PCHR charge in 1992 and her employment termination for job abandonment in 1997 is simply too long to establish a causal connection sufficient to support a retaliation claim.

5. In support of the instant Motion, IBC relies upon the accompanying Memorandum of Law.

Respectfully submitted,

*/s/ Donna M. Orzell*
STEVEN R. WALL (I.D. No. 39012)
SARAH E. BOUCHARD (I.D. No. 77088)
DONNA M. ORZELL (I.D. No. 87831)
1701 Market Street
Philadelphia, PA 19103
215-963-4928/5077/5574

Of Counsel:

MORGAN, LEWIS & BOCKIUS LLP

Attorneys for Defendant
Independence Blue Cross

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GWENDOLYN NESMITH,

        Plaintiff,                              Civil Action No. 02-CV-2894

v.

INDEPENDENCE BLUE CROSS,

        Defendant.

## MEMORANDUM OF LAW OF INDEPENDENCE BLUE CROSS IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

### I.    INTRODUCTION

Plaintiff Gwendolyn Nesmith ("Plaintiff"), a former employee of Independence Blue Cross ("IBC"), has brought the instant action against IBC, alleging retaliation for filing a discrimination charge in 1992. Specifically, Plaintiff alleges that IBC terminated her employment in August 1997 in retaliation for filing the discrimination charge five years earlier. Plaintiff filed her original Complaint in this action against IBC on or about May 24, 2002. Plaintiff subsequently obtained representation, and thereafter filed an Amended Complaint on or about May 6, 2003. Pursuant to a Joint Stipulation for Extension of Time, IBC timely filed its Answer to the Amended Complaint on June 18, 2003. The pleadings clearly reflect that Plaintiff has failed to establish a _prima facie_ case of retaliation. Therefore, IBC now files the instant Motion for Judgment on the Pleadings and requests that this Court enter judgment in its favor.

## II. STATEMENT OF MATERIAL FACTS[2/]

IBC hired Plaintiff in 1990. (Am. Compl. ¶ 11). In 1992, Plaintiff filed a charge of discrimination against IBC. (Am. Compl. ¶ 20; Ans. to Am. Compl. ¶ 20). On July 17, 1997, approximately <u>five years</u> after Plaintiff filed the charge against IBC, Plaintiff slipped and sustained an injury. (Am. Compl. ¶ 45). Plaintiff was diagnosed with a sprained ankle and bruised knee. Although her doctor ultimately released Ms. Nesmith to return to work as of July 29, 1997, Plaintiff failed to report to work from August 7, 1997 through August 29, 1997. (Am. Compl. ¶ 51; Ans. to Am. Compl. ¶¶ 43, 51). In late August 1997, after Plaintiff had been absent from work for approximately three weeks, IBC sent Plaintiff a telegram, which stated that if she did not return to work on August 29, 1997, she would be terminated. (Am. Compl. ¶ 51; Ans. to Am. Compl. ¶ 51). Plaintiff did not return to work on August 29, 1997, and IBC terminated her employment on that date.

## III. ARGUMENT

A.  **This Court Should Render Judgment As A Matter Of Law In Favor Of IBC Because No Genuine Issue Of Material Fact Exists Based On The Facts Set Forth In The Pleadings.**

Similar to a motion to dismiss, this Court may enter judgment as a matter of law pursuant to Rule 12(c) of the Federal Rules of Civil Procedure if the pleadings, along with any exhibits attached thereto, establish that no material issue of fact exists. <u>Corestates Bank, N.A. v. Huls Am., Inc.</u>, 176 F.3d 187, 193 (3d Cir. 1999). To survive a motion for judgment on the

---

[2/] Given the legal standard applicable to motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), IBC accepts for purposes of this motion only that the allegations in the Amended Complaint are true. Because some of the factual circumstances surrounding her employment termination for job abandonment are disputed, these facts are included only for reference and background, and are not essential in deciding the instant Motion.

pleadings, the plaintiff must set forth material facts, and not mere conclusions, which state a claim as a matter of law. Allstate Transp. Co., Inc. v. SEPTA, No. CIV. A 97-1482, 1998 WL 67550, at *1 (E.D. Pa. Feb. 13, 1998). Based on the undisputed facts set forth in the pleadings, no material issue of fact exists which requires further litigation of this matter. This Court, therefore, should render judgment as a matter of law in favor of IBC.

**B.   Plaintiff Has Failed To Establish A Prima Facie Case Of Retaliation With Respect To Her Termination.**

To establish a prima facie case of retaliatory discharge under Title VII, a plaintiff must show: (1) that she engaged in protected activity; (2) that she was discharged subsequent to or contemporaneously with such activity; and (3) that a causal link exists between the protected activity and the discharge. See, e.g., Kachmar v. Sungard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir.1997); Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir.1989); see also Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir.1997). In this case, Plaintiff clearly cannot establish the existence of a causal link between her discharge and any alleged protected conduct in which she engaged.

To establish a "causal link" sufficient to overcome a motion for judgment on the pleadings, a plaintiff must adduce sufficient evidence that the decision maker knew of the protected conduct and discharged the plaintiff soon after learning of the protected conduct. Bedford v. SEPTA, 867 F. Supp. 288, 293 (E.D. Pa. 1994). In this vein, courts within and outside this Circuit have repeatedly concluded that even a span of several months between the protected activity and the adverse employment action is too remote in time, and therefore,

3

insufficient to constitute a causal link.[3] See Sicalides v. Pathmark Stores, Inc., No. CIV. A99 CV-3465, 2000 WL 760439, at *9 (E.D. Pa. June 12, 2000) (seven months between alleged protected activity and adverse employment action too remote to infer retaliation); Alderfer v. Nibco, Inc., No. Civ. A. 98-6654, 1999 WL 956375, at *4 (E.D. Pa. Oct. 19, 1999) (four months too remote in time); Harley v. McCoach, 928 F. Supp. 533, 542 (E.D. Pa. 1996) (nine months too remote); Norris v. Lee, Civ. A. No. 93-0441, 1995 WL 428669, at *6 (E.D. Pa. July 14, 1995) (four months too remote). In this case, a span of approximately five years exists between the protected activity and the adverse employment action. Starr v. Runyon, No. CIV.A. 96-3209 1997 WL 379172, at *5 (E.D. Pa. June 30, 1997) (four years too remote in time).

As the above cases reflect, courts impose the causal link requirement so that employers may make candid evaluations and termination decisions without each and every decision being second-guessed in a subsequent retaliation claim. Therefore, viewing the facts of this case in a light most favorable to the Plaintiff, Plaintiff has failed to establish the necessary proximity in time sufficient to create an issue of fact surrounding causation. Indeed, Plaintiff's protected activity -the filing of a complaint of race discrimination—occurred in 1992. IBC terminated Plaintiff's employment in August 1997, nearly five years after Plaintiff filed her charge. As a matter of law, this remoteness in time fails to create the requisite causal link.

Significantly, Plaintiff has not alleged that IBC took a single retaliatory adverse employment action against her between the time she filed her charge in 1992 and the time of her termination in 1997. At most, Plaintiff alleges that some IBC employees indicated that they had

---

3. Only in the most egregious circumstances will this requirement of temporal proximity be waived. See Robinson v. SEPTA, 982 F.2d 892, 895 (3d Cir. 1993) (holding that egregious conduct that constituted an "intervening pattern of antagonism" warranted a limited exception to requirement of temporal proximity).

4

knowledge that Plaintiff had filed a previous charge. Knowledge alone, however, does not create or establish a pattern of antagonism. Bazargani v. Haverford State Hosp., 90 F. Supp. 2d 643, 654 (E.D. Pa. 2000) (knowledge does not establish causal connection in retaliation action); see also Sanders v. FMAS Corp., 180 F. Supp. 2d 698, 706 (D. Md. 2001) ("[W]hile the employer's knowledge that the employee engaged in the protected activity is a necessary element of a retaliatory discharge claim, knowledge alone is not sufficient to establish the claim."). Indeed, much more serious allegations than knowledge of a prior charge have been held insufficient to constitute a pattern of antagonism. See, e.g., Woods v. Bentsen, 889 F. Supp. 179, 188 (E.D. Pa. 1995) ("While there is evidence supporting an inference that plaintiff may have been 'watched' more closely, even if considered as employer activity it is insufficient as a matter of law to constitute a pattern of antagonism and retaliation under Title VII. Being 'watched,' without more, is not proof of antagonism or retaliation.") (footnote omitted).

   Additionally, it is important to note that the first occasion Plaintiff points to in which any IBC employees indicated that they knew of her 1992 charge was in approximately 1995 three years after Plaintiff filed her charge. (Am. Compl. ¶¶ 27-28). When the time between the alleged protected activity and the first alleged intervening act of antagonism is so remote, no inference of retaliation exists. See, e.g., Steiner v. Sprint, 957 F. Supp. 65, 66 (S.D.N.Y. 1997). In Steiner, the plaintiff filed an EEOC charge in 1991 and was discharged in 1994. Id. The plaintiff alleged that she was subjected to "frequent and hostile actions" during the entire period between 1991 and 1994. Id. However, the first alleged hostile action for which the plaintiff provided any evidence occurred in September 1993. Id. The court found that "[t]he intervening passage of time between the April, 1991 EEOC complaint and the onset of any evidenced retaliation in September, 1993 [was] far too long to permit a reasonable fact-finder to

5

infer a causal connection between the two situations    ." Id. Therefore, the court held that the plaintiff had failed to make out a prima facie showing of a causal connection between the filing of her EEOC charge and her termination. Id. Similarly, as noted above, the first alleged incident of any alleged knowledge and/or antagonism regarding Plaintiff's charge occurred approximately three years after she filed her charge. Therefore, Plaintiff has failed to establish a causal connection between the filing of her charge and her termination. For all these reasons, Plaintiff has not made out a prima facie case of retaliation and this Court should dismiss them.

## IV.   CONCLUSION

Based on the foregoing, IBC respectfully requests that this Court award judgment in favor of IBC based on the facts set forth in the pleadings.

Respectfully submitted,

_____
STEVEN R. WALL (I.D. No. 39012)
SARAH E. BOUCHARD (I.D. No. 77088)
DONNA M. ORZELL (I.D. No. 87831)
1701 Market Street
Philadelphia, PA 19103
215-963-4928/5077/5574

Of Counsel:

MORGAN, LEWIS & BOCKIUS LLP       Attorneys for Defendant
                                  Independence Blue Cross

## **CERTIFICATE OF SERVICE**

I, Donna M. Orzell, hereby certify that a true and correct copy of Independence Blue Cross's Motion for Judgment on the Pleadings and supporting Memorandum of Law were served on:

>Marc Weinstein
>The Weinstein Law Firm
>One Northbrook Corporate Center
>1210 Northbrook Drive, Suite 280
>Trevose, PA 19053

this 30th day of September 2003, by first class mail.

_____
Donna M. Orzell