## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

---

GWENDOLYN NESMITH,

       **Plaintiff,**

    v.

**INDEPENDENCE BLUE CROSS,**

       **Defendant.**

Civil Action No. 02-CV-2894

---

## ORDER

AND NOW, this _____ day of _____ 2003, upon consideration of Independence

Blue Cross's Motion for Leave to File a Reply Memorandum of Law in Support of its Motion for

Judgment on the Pleadings and any response thereto, it is hereby ORDERED that said Motion is

GRANTED, and the Clerk shall docket the Reply Memorandum attached to IBC's Motion as

Exhibit 1

_____

J.

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GWENDOLYN NESMITH,

        Plaintiff,                      Civil Action No. 02-CV-2894

        v.

INDEPENDENCE BLUE CROSS,

        Defendant.

## DEFENDANT INDEPENDENCE BLUE CROSS'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Independence Blue Cross ("IBC"), through its attorneys, hereby respectfully requests that this Court enter the attached Order granting it leave to file the attached Reply Memorandum of Law in Support of its Motion for Judgment on the Pleadings. In support of the foregoing, IBC avers as follows:

1       IBC filed its Motion for Judgment on the Pleadings ("Motion") on September 30, 2003.

2.      Plaintiff Gwendolyn Nesmith's Opposition to IBC's Motion for Judgment on the Pleadings, filed on October 21, 2003, misstates the law as it applies to IBC's Motion, and misstates the factual record of this case.

3       IBC's Reply Memorandum of Law in Support of its Motion for Judgment on the Pleadings (attached hereto as Exhibit 1) is narrowly focused and specifically addresses the issues raised in Plaintiff's Opposition. This Court has consistently permitted reply briefs that do not merely restate prior arguments but are necessary to respond to specific arguments made in a

responsive brief.  <u>Wolk v. Cohen</u>, No. 94-5096, 1995 WL 314508, at *2 (E.D. Pa. May 22, 1995)

(concluding that reply brief was proper where it specifically addressed the "fallacies of plaintiffs'

arguments," was limited in length, and cited relevant case law); <u>Warren v. Cheltenham Twp.</u>,

No. 94-4999, 1995 WL 732804, at *4 n.3 (E.D. Pa. Nov. 13, 1995) (holding that reply brief was

appropriate to respond to specific issues raised in responsive brief).

WHEREFORE, for all the foregoing reasons, Defendant Independence Blue

Cross respectfully requests that the Court grant its Motion for Leave to File a Reply

Memorandum of Law in Support of its Motion for Judgment on the Pleadings.

Respectfully submitted,

STEVEN R. WALL (I.D. No. 59012)
SARAH E. BOUCHARD (I.D. No. 77088)
DONNA M. ORZELL (I.D. No. 87831)
1701 Market Street
Philadelphia, PA 19103
Of Counsel:                        215-963-4928/5077/5574

MORGAN, LEWIS & BOCKIUS LLP        Attorneys for Defendant
                                   Independence Blue Cross

2



EXHIBIT 1

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

GWENDOLYN NESMITH,

        **Plaintiff,**                                 Civil Action No. 02-CV-2894

        v.

INDEPENDENCE BLUE CROSS,

        **Defendant.**

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## INDEPENDENCE BLUE CROSS'S MOTION FOR JUDGMENT ON THE PLEADINGS

### I.      INTRODUCTION

On September 30, 2003, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant Independence Blue Cross ("IBC") filed a Motion for Judgment on the Pleadings ("Motion"). As detailed in IBC's Motion, this Court should dismiss Plaintiff Gwendolyn Nesmith's ("Plaintiff") retaliation claim because Plaintiff cannot establish a causal connection between the alleged protected activity and the adverse employment action. See IBC's Memorandum of Law in Support of its Motion for Judgment on the Pleadings ("Memorandum" or "Memo") at 5-9.

In Plaintiff's Brief in Opposition to IBC's Motion for Judgment on the Pleadings ("Plaintiff's Opposition Brief" or "Pl. Brief"), Plaintiff alleges that this Court should deny IBC's Motion because Plaintiff's Complaint establishes the requisite causal connection sufficient to maintain a retaliation claim. See Pl. Brief at pg. 5-6. However, every case that Plaintiff cites in support of her argument involves a fact pattern in which the span of time between the protected activity and the adverse employment action is significantly smaller than that alleged in this case.

Furthermore, Plaintiff has failed to even address the fact that the first alleged comment that could

in any minimal way be construed as retaliatory animus occurred approximately three years after

she engaged in the protected activity. Finally, contrary to Plaintiff's assertion, she has failed to

establish a pattern of antagonism. Therefore, Plaintiff cannot salvage her retaliation claim and

this Court should grant IBC's Motion for Judgment on the Pleadings pursuant to Rule 12(c).

## II.     ARGUMENT

### A.     The Unusual Amount of Time Between the Filing of Plaintiff's Charge of Discrimination and the Alleged Retaliation Defeats Her Causation Argument.

In Plaintiff's Opposition Brief, she "freely acknowledges that there was an

unusual amount of time between the protected activity and the alleged retaliation .     ." Pl. Brief

5 (emphasis added). It is this unusual amount of time that distinguishes Plaintiff's case

from every retaliation case she cites in her Opposition Brief. Not one of the cases Plaintiff cites

includes a fact pattern in which there was anywhere near a five year span of time between the

protected activity and the adverse employment action. See Shellenberg v. Summit Bancorp, Inc.,

318 F.3d 183 (3d Cir. 2003) (less than one year); Weston v. Commonwealth of Pennsylvania,

251 F.3d 420 (3d Cir. 2001) (approximately one year); Abramson v. William Patterson Coll.,

260 F.3d 265 (3d Cir. 2001) (approximately two weeks); Farrell v. Planters Lifesavers Co., 206

F.3d 271 (3d Cir. 2000) (three to four weeks); Woodson v. Scott Paper Co., 109 F.3d 913 (3d Cir

1997) (approximately two years); Kachmar v. Sungard Data Sys., 109 F.3d 173 (3d Cir. 1997)

(approximately one year); Waddell v. Small Tube Prods., 799 F.2d 69 (3d Cir. 1986) (a few

days).

Furthermore, Plaintiff has wholly ignored the case law IBC cited in its

Memorandum applicable to the unusual situation present here, in which the first instance of any

2

type of alleged retaliatory animus occurred several years after Plaintiff engaged in the protected activity. Specifically, in IBC's Memorandum, IBC cited to Steiner v. Sprint, 957 F. Supp. 65, 66 (S.D.N.Y. 1997), which involved a similar situation. See Memo at 5-6. The court in Steiner found that "[t]he intervening passage of time between the April, 1991 EEOC complaint and the onset of any evidenced retaliation in September, 1993 [was] far too long to permit a reasonable fact-finder to infer a causal connection between the two situations      ." Steiner, 957 F. Supp. at 66 (emphasis added). Based on this finding, the Steiner court held that the plaintiff had failed to make a prima facie showing of a causal connection between the filing of her EEOC charge and her termination. In Plaintiff's Opposition Brief, however, Plaintiff has failed to address, much less, distinguish the Steiner case from her situation. Therefore, Plaintiff's argument that this Court should deny IBC's Motion for Judgment on the Pleadings fails.

B.    **Plaintiff Has Failed To Allege A "Pattern Of Antagonism."**

In Plaintiff's Opposition Brief, Plaintiff alleges that this Court should deny IBC's Motion because Plaintiff has alleged a "pattern of antagonism." As an initial matter, as explained above, Plaintiff's Complaint is unique in that it not only alleges an extremely long period of time between the protected activity and the adverse employment action, but it also alleges an extraordinary amount of time between the protected activity and the first evidence of alleged retaliatory animus. Therefore, Plaintiff has failed to prove causation as a matter of law, as set forth in the Steiner case.

Assuming, however, that the causation analysis in this case requires an inquiry into whether there was a pattern of antagonism, Plaintiff's claim still fails because she has not alleged such a pattern. As noted above, the first alleged instance of retaliatory animus occurred three years after Plaintiff engaged in the protected activity. Plaintiff has not alleged that a single

3

comment or action was made prior to that point that would even hint at a retaliatory mind-set. Such an enormous gap of time between the protected activity and the onset of the alleged retaliatory animus clearly defeats Plaintiff's argument that there was some "pattern" of antagonism.  Furthermore, Plaintiff has only alleged that certain individuals mentioned that they knew of her prior charge, and that certain individuals mentioned that they were "watching" her. As IBC explained in its Memorandum, neither knowledge of a protected activity nor "watching" an employee is sufficient to establish a causal connection under the law.  See Memo at 4-5; see also Bazargani v. Haverford State Hosp., 90 F. Supp. 2d 643, 654 (E.D. Pa. 2000) (knowledge does not establish causal connection in retaliation action); Woods v. Bentsen, 889 F. Supp. 179, 188 (E.D. Pa. 1995) ("While there is evidence supporting an inference that plaintiff may have been 'watched' more closely, even if considered as employer activity it is insufficient as a matter of law to constitute a pattern of antagonism and retaliation under Title VII.  Being 'watched,' without more, is not proof of antagonism or retaliation.") (footnote omitted).

Finally, in Plaintiff's Opposition Brief, Plaintiff contends that the Court must look to circumstantial evidence, such as her allegations of pretext, in considering whether evidence of a causal link exists to meet her prima facie burden.  See Pl. Brief at 6.  In support of her argument, Plaintiff cites to the Farrell, Waddell, and Abramson cases.  Plaintiff's argument, however, is both circular and self-serving, and far extends the holdings of those cases beyond their intended purpose.  Indeed, if all that was required to establish a causal link is to make an allegation of pretext, the element of a "causal link" within the prima facie case would vanish from the legal landscape.  Plaintiff's advocacy aside, the holdings of those cases clearly do not change the well-settled burden shifting framework that has existed for decades in retaliation

4

cases. <u>Delli Santi v. CAN Ins. Cos.</u>, 88 F.3d 192, 199 (3d Cir. 1996) (explaining burden-shifting paradigm that applies to retaliation cases).

Plaintiff also fails to disclose that the factual circumstances in <u>Farrell</u>, <u>Waddell</u>, and <u>Abramson</u> are far more compelling than the factual circumstances presented here. In each of the cases that Plaintiff cites, the time frame between the protected activity and the adverse employment action was extremely short, <u>Abramson</u> (approximately two weeks); <u>Farrell</u> (three to four weeks); <u>Waddell</u> (a few days), and therefore, those courts looked at the "totality" of conduct that occurred in an extremely short time span.

As discussed above, however, the same situation is not involved in this case. In this case, it is undisputed that a span of five years exists between the protected activity and the adverse employment action, and that Plaintiff continued to be a valued employee at IBC until she decided not to return to work and abandon her job. Judicial resources, as well as the resources of the respective parties, would not be well served by litigating the circumstances of Plaintiff's employment with IBC, as the pleadings clearly demonstrate that no causal link exists to establish a <u>prima facie</u> case of retaliation.

5

## III.    CONCLUSION

Based on the foregoing, IBC respectfully requests that this Court award judgment in favor of IBC based on the facts set forth in the pleadings.

Respectfully submitted,

STEVEN R. WALL (I.D. No. 39012)
SARAH E. BOUCHARD (I.D. No. 77088)
DONNA M. ORZELL (I.D. No. 87831)
1701 Market Street
Philadelphia, PA 19103
215-963-4928/5077/5574

Of Counsel:

MORGAN, LEWIS & BOCKIUS LLP    Attorneys for Defendant
Independence Blue Cross

6

## CERTIFICATE OF SERVICE

I, Donna M. Orzell, hereby certify that a true and correct copy of Defendant

Independence Blue Cross's Motion for Leave to File a Reply Memorandum of Law in Support of

its Motion for Judgment on the Pleadings was served by facsimile and first class mail this 3rd

day of November 2003 upon:

Marc Weinstein
The Weinstein Law Firm
One Northbrook Corporate Center
1210 Northbrook Drive, Suite 280
Trevose, PA 19053

DONNA M. ORZELL